**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-10427
(Summary Calendar)

RODNEY LEE WOODS,

Plaintiff-Appellant,

versus

CAROL MILLER, ET AL.,

Defendants,

MICHAEL W. MOORE, JOHN E. STICE;
ART MOSLEY; JOE V. YOUNG, LONA
CHEAIRS; ALEXANDRIA WEST; MRS.
SERGEANT,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-0151-BA)

February 17, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rodney Lee Woods ("Woods"), #627825, a Texas-state prisoner, appeals to this court the

dismissal of his 42 U.S.C. § 1983 civil rights claims against the defendants Lona Cheairs, Alexandria

West, Joe V. Young, John E. Stice, Art Mosley, Mrs. Sergeant, Michael W. Moore, G. Cauzirzano,

Warden C. Rain, and M. Monselle.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We have reviewed the record and for the following reasons VACATE the decision of the district court and REMAND the case to that court.

## FACTS

Woods, proceeding pro se and in forma pauperis (IFP), filed the instant civil rights complaint against Carol Miller, Mailroom Supervisor, French Robertson Unit, Texas Department of Criminal Justice-Institutional Division (TDCJ-ID); Michael W. Moore, Regional Director; Joe V. Young, Warden; John E. Stice, Deputy Director; Art Mosley, Deputy Director; G. Cauzirzano, Regional Director; C. Rain, Warden; M. Monselle, Regional Director; Jane Doe; Lona Cheairs; Alexandria West; and Mrs. Sergeant. In his original complaint, Woods alleged claims of interference with his mail, legal and personal, and denial of access to courts.

At the Spears[1] hearing, Woods consented to have a magistrate judge conduct all proceedings in the case. The magistrate judge informed Woods that to the extent his claims relied upon a theory of vicarious liability, the claims were not actionable under 42 U.S.C. § 1983. Following the hearing, on January 16, 1996, the magistrate judge granted Woods until February 2, 1996, to amend his complaint. In the order, the magistrate judge noted that Woods failed to allege prejudice as a result of the purported interference with his mail.

On February 9, 1996, Woods filed an amended complaint alleging claims of interference with his legal and other mail and denial of access to courts. Woods alleged, among other things, that as a result of interference with his mail, a lawsuit in which he was a party was dismissed for failure to prosecute.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

On March 18, 1996, prior to service of the complaint on the defendants, the magistrate judge ordered Woods' claims against defendants Cheairs, West, Young, Stice, Mosley, Sergeant, Moore, Cauzirzano, Rain, and Monselle dismissed with prejudice. In the order of dismissal, the magistrate judge stated "there are no pleadings [alleging that] these defendants in any capacity participated in any manner involving an <u>excessive use of force or an assault</u> on [Woods] as a prisoner in the [TDCJ-ID]." Supp. R. 49 (emphasis added). The magistrate judge did not address Woods' claims of interference with mail or denial of access to courts in either the order or judgment dismissing the claims. See id. at 49-50, 51-52. The magistrate judge certified the order of dismissal for appeal pursuant to Fed. R. Civ. P. 54(b).[2]

## DISCUSSION

A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(I); <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994).

We review the district court's dismissal of Woods' claims for an abuse of discretion. On appeal, in addition to addressing the merits of his claims, Woods notes that the magistrate judge's order of dismissal refers to his claims as excessive force claims, which claims he did not allege, and that the order fails to address the claims asserted in his complaint. Because the magistrate judge's order wholly fails to address Woods' claims of interference with mail and denial of access to courts, and because the order addresses claims which were not, in fact, before the court, we find that the district court abused its discretion.

## CONCLUSION

Accordingly, the decision appealed is VACATED and the case is REMANDED.

---

[2] When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b). <u>Thompson v. Betts</u>, 754 F.2d 1243, 1245-46 (5th Cir. 1985).